Brown, Executor of Phillips, *against* Fleming, Assignee.

Error *to Crawford Circuit Court:*

A special judge appointed by the Governor, to sit in a certain court, in cases where the regular judge is incompetent to sit, cannot hold a special term; and all proceedings had before him at such a special term, are *coram non judice.*

Ringo, C. J., delivered the opinion of the court:

The record affirmatively states the proceeding to have been had "at a special term of the circuit court of Crawford county, began and held at the Court-House of said county, on the 23d day of December, A. D. 1839, before Nathan Haggard, special judge of said circuit court." The regular term, as fixed by law, of the circuit court, was the first Monday in December, and we are not aware of any statute by which the special judge was authorised to hold a special term. It does not appear to have been at, or during the continuance of the regular term, nor at a special session to which the circuit court had been adjourned, by any previous order of the court, or of the judge. *Revd. St.* 233. The law, under which the appointment is made, contemplated that the judge would attend at the regular term of the court, as less inconvenient to the community, whose attendence may be required, as witnesses, jurors, &c., and less expensive to litigants. The whole proceedings therefore, before the special judge, were *coram non judice,* and utterly *null* and *void.* As the suit was commenced in the county court, from the judgment of which, an appeal was taken to the circuit court, and no disposition has been made of it, this case now stands for trial in the circuit court, and the parties occupy the same position they did at the time the appeal was taken. The question as to the holding of the special term was so fully discussed in the case of *Dunn vs. the State,* 2 *Ark.* 229, that further comment is deemed unnecessary. The writ of error must therefore be dismissed.